# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN F. HOTZE, M.D., DANIEL ROGERS, RUSSELL RAMSLAND, MICHAEL WALLIS, and the ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>JANET YELLEN, in her official capacity as the Secretary of the United States Department of the Treasury, and<br><br>ANDREA GACKI, in her official capacity as Director of the Financial Crimes Enforcement Network,<br><br>    Defendants. | Civil Action No. 2:24-cv-210-Z |

## MOTION BY PLAINTIFFS TO PROCEED WITHOUT LOCAL COUNSEL UNDER CIVIL LOCAL RULE 83.10

Plaintiffs Steven F. Hotze, M.D., Daniel Rogers, Russell Ramsland, Michael Wallis, and the Association of American Physicians & Surgeons respectfully request the right to proceed without designating a local counsel pursuant to Civil Local Rule 83.10, which states that:

> Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the request for leave is denied, written designation of local counsel must be filed within 14 days of the denial.

Plaintiffs respectfully provide the following grounds for their request:

1. In this case, all of the Defendants will be entirely exempt from the requirement of N.D. Tex. L.R. 83.10(a) by virtue of N.D. Tex. L.R. 83.11. While this exemption expressly applies in relevant respects only to the "United States Justice Department," it is presumed that the Court will extend this exemption to the federal agencies who are the Defendants here, such that they will not be required to obtain local counsel under N.D. Tex. L.R. 83.10(a).

2. Applying a burden to only one side of a lawsuit while fully exempting the other side would be inconsistent with the approach taken by the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure. *See, e.g.*, F.R.A.P. 4(a)(1)(A)&(B) (when the United States is a party, the deadline for a civil appeal is extended from 30 to 60 days for the United States, and this extension applies equally to all the non-governmental parties too). Due process also supports treating both sides the same: "the Court has no more constitutional authority in civil cases than in criminal cases … to treat similarly situated litigants differently." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) (inner quotations and citation omitted).

3. Moreover, there would be no practical reason to require one side to have local counsel when the other side is exempt. Scheduling issues, for example, would still accommodate the out-of-town attorneys on the exempt side.

4. This lawsuit is in the public interest, not for any monetary benefit by a Plaintiff, which weighs further against the local counsel requirement in this case. Imposing additional costs on a public interest lawsuit can, at some point, make it impractical to proceed, which would be to the detriment of the public.

5. The issues here are primarily legal in nature, and the number of Court hearings is expected to be minimal in contrast with fact-intensive litigation. No trial is expected in this matter, where a requirement of local counsel makes the most sense.

6. Finally, the controversial subject matter of this lawsuit – having political overtones one month before a highly contentious presidential election – makes it unlikely that local counsel can be readily found. Yet there is a time sensitivity to this lawsuit which makes further delay prejudicial in effect.

7. Unfortunately, there is well-organized retaliation against attorneys based on their

representation of clients on one side of the political spectrum.[1] Already one attorney has unexpectedly declined to take this case. Requiring additional counsel in this lawsuit against the Biden administration, during this hotly contested election season, could be tantamount to denying timely access by Plaintiffs to this Court despite their constitutional and statutory right to sue here.

8.      Plaintiffs' undersigned counsel represent their immediate availability for any Court hearings, including attending in-person as may be desired, without any foreseeable conflicts.

WHEREFORE, Plaintiffs respectfully asks this Court, pursuant to Civil Local Rule 83.10, to grant leave to Plaintiffs to proceed with their undersigned counsel, which already includes Texas counsel admitted to this Northern District of Texas, without requiring an additional local counsel.

Dated: October 3, 2024

/s/ Andrew L. Schlafly
Andrew L. Schlafly
(*Pro hac vice* application pending)
Attorney at Law (NJ #04066-2003)
939 Old Chester Rd.
Far Hills, NJ 07931
Tel: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Respectfully submitted,

/s/ Karen B. Tripp
Karen B. Tripp
Attorney at Law (Texas Bar #03420850)
P.O. Box 1301
Houston, TX 77251-1301
Tel: (713) 658-9323
Fax: (713) 968-9888
Email: ktripp@tripplaw.com

*Counsel for Plaintiffs Steven F. Hotze, M.D., Daniel Rogers, Russell Ramsland, Michael Wallis, and the Association of American Physicians & Surgeons*

---

[1] *See, e.g.*, Elizabeth Eastman, "Making Lawyers Toxic in Their Communities," Gatestone Institute (March 17, 2024) (observing that tactics of the ongoing retaliation against right-of-center attorneys include "misrepresenting their legal work in the press"). https://www.gatestoneinstitute.org/20466/making-lawyers-toxic (viewed Sept. 28, 2024).