IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVEN F. HOTZE, M.D., *et al.*, | |
| Plaintiffs, | |
| v. | 2:24-CV-210-Z |
| UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Preliminary Injunction ("Motion") (ECF No. 16), filed October 28, 2024. There, Plaintiffs ask this Court to enjoin Defendants from applying the Corporate Transparency Act, 31 U.S.C. § 5336 ("CTA") and its implementing regulation, Beneficial Ownership Information Reporting Requirements, 87 Fed. Reg. 59,498 (Sept. 22, 2022) (codified at 31 C.F.R. pt. 1010) ("Rule"). The Motion is **DENIED** as **MOOT**.

### BACKGROUND

On December 3, 2024, a federal district court in the Eastern District of Texas nationally enjoined both the CTA and the Rule. *See Tex. Top Cop Shop, Inc. v. Garland*, No. 4:24-CV-478, ECF No. 33 at 77 (E.D. Tex. Dec. 3, 2024) (order granting preliminary injunction) ("The Court determines that the injunction should apply nationwide."); *id.* at 79 (ordering that neither the CTA nor the Rule "may be enforced, and reporting companies need not comply with the CTA's January 1, 2025 [beneficial ownership information] reporting deadline pending further order of the Court"). Plaintiffs' instant Motion requests the same relief. *See* ECF No. 16-1 at 30 ("Plaintiffs request that the Court issue a preliminary injunction against Defendants' applying the CTA and its Rule" either on a nationwide or a party-specific basis).

Meanwhile, the Fifth Circuit initially stayed the *Texas Top Cop Shop* injunction and, three days later, lifted that stay. *See Tex. Top Cop Shop, Inc. v. Garland*, No. 24-40792, 2024 WL 5203138 (5th Cir. Dec. 23, 2024) (staying the district court's nationwide injunction entirely); *Id.*, ECF No. 160-1 at 2 (5th Cir. Dec. 26, 2024) (noting "that part of the motions-panel order granting the Government's motion to stay the district court's preliminary injunction enjoining enforcement of the CTA and the Reporting Rule is VACATED").

Plaintiffs, despite the foregoing activity, still urge this Court to decide the instant Motion. *See* ECF No. 37 at 1–2 ("Plaintiffs continue to seek the protection of this Court . . . in order to protect Plaintiffs . . . against the irreparable harm recognized now by both the district court in the Eastern District of Texas and the Fifth Circuit merits panel recently assigned to that appeal.").

**ANALYSIS**

Only recently have courts and scholars begun to unravel the nature, propriety, and implications of nationwide injunctions. *See Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (mem.) (Gorsuch, J., concurring) (commenting that nationwide injunctions "raise serious questions about the scope of courts' equitable powers under Article III"); Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 HARV. L. REV. 417, 471–72 (2017); Michael T. Morley, *De Facto Class Actions? Plaintiff- and Defendant-Oriented Injunctions in Voting Rights, Election Law, and Other Constitutional Cases*, 39 HARV. J. L. & PUB. POL'Y 487, 523–27 (2016).

Accordingly, this Court is aware of no authority where one district court issued a nationwide injunction and parties in a parallel case subsequently urged for the same relief. As a threshold matter of logic, there is no further relief this Court may provide to Plaintiffs responsive to the instant Motion. The CTA and its Rule have already been enjoined to the fullest possible extent. After *Texas Top Cop Shop*, issuing a preliminary injunction on similar or distinct legal bases would amount to an advisory

opinion under this procedural posture. *Cf. Carney v. Adams*, 592 U.S. 53, 64 (2020) (stating that federal courts may not issue advisory opinions).

Other courts agree. For example, in *New York*, Justice Gorsuch explained that nationwide injunctions prohibit "multiple judges and multiple circuits" from "airing of competing views." 140 S. Ct. at 600 (Gorsuch, J., concurring). The Fifth Circuit has similarly explained that tailoring injunctive relief to the parties means that an issue's "ultimate resolution will benefit from 'the airing of competing views' in our sister circuits." *Louisiana v. Becerra*, 20 F.4th 260, 264 (5th Cir. 2021) (quoting *New York*, 140 S. Ct. at 600 (Gorsuch, J., concurring)). Other circuits add that nationwide injunctions "limit dialogue in the lower courts, favoring quick and uniform answers to the more deliberate — and likely more accurate — method of doctrinal development that is intended under our judiciary's very design." *Casa de Md., Inc., v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). In summary, one negative consequence of nationwide injunctions is that they can preclude other courts not only from coming out another way, but also from deciding the issue on legally distinct grounds.[1]

Plaintiffs complain of precisely this. *See* ECF No. 32 at 4 ("While Plaintiffs here certainly welcome the well-reasoned injunction granted in *Texas Top Cop Shop* on the grounds that Congress acted beyond its enumerated powers, this rationale has been rejected by other judges and it lacks the robust strength and breadth of a ruling based on individual rights that Plaintiffs seek here."). But the foregoing authorities demonstrate with one voice that *Texas Top Cop Shop*'s sweeping injunction precludes this Court from opining on further legal justifications for the instant Motion.

---

[1] Of course, some circumstances justify nationwide injunctive relief. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 187–88 (5th Cir. 2015) (supporting universal injunctive relief because of the constitutional command for "uniform" immigration laws and a concern that "a geographically-limited injunction would be ineffective because DAPA beneficiaries would be free to move among states"); *see also Becerra*, 20 F.4th at 464 (explaining that the desire for constitutional uniformity or a concern over patchwork rulings might also justify nationwide injunctive relief).

Nevertheless, Plaintiffs rely on *Texas v. Brooks-LaSure* to argue that the instant Motion is not moot. No. 6:21-cv-00191, 2021 WL 5154219 (E.D. Tex. Aug. 20, 2021). There, the court issued a preliminary injunction that precluded the Biden administration from rescinding a regulation. *See generally id.* The plaintiffs in that case filed an appeal with the Department of Health and Human Services's Departmental Grant Appeals Board, which subsequently stayed implementation of the recission pending review. *Id.* at *4. Defendants argued that because there was no rescission to enjoin, the issue was moot before the court. *Id.* The court disagreed, explaining that "Texas has put forth some evidence adequately showing at this stage that at least some CMS officials were dragging their feet and not acting as if the rescission had been paused." *Id.*

*Brooks-LaSure* is inapposite to the case at hand. First, that court's preliminary injunction provided an additional layer of relief distinct from an administrative stay. *Id.* Here, the relief would be the same, which invites redundancy and ultimately an advisory opinion as noted above. Second, *Brooks-LaSure* explained that those defendants would have ignored the stay on rescission. *Id.* Here, there is no basis to believe that the Financial Crimes and Enforcement Network ("FinCEN") will flout Judge Mazzant's nationwide injunction. Plaintiffs' assertion to the contrary lacks adequate support. *See* ECF No. 32 at 6 ("Sound familiar? FinCEN here is likewise 'dragging their feet and not acting as if the [CTA] has been' enjoined" (quoting *Brooks-LaSure*, 2021 WL 5154219, at *4)).

In summary, whatever the merits of Plaintiffs' other constitutional justifications for a preliminary injunction, *Texas Top Cop Shop*'s universal ruling rendered them moot for the instant Motion. *See Winzler v. Toyota Motor Sales, USA, Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) (Gorsuch, J.) (noting that "if events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding" the issue, courts may deem the matter "prudentially moot"); *California v. U.S. Dep't of Health & Hum. Servs.*, 941 F.3d 410, 422 (9th Cir. 2019)

4

(admonishing against "the waste of duplication" and explaining that the "'piecemeal resolution of issues that call for a uniform result' has always been a prudential concern, not a jurisdictional one'") (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985)); *see also United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) (treating matter "as moot for prudential reasons" even if not "mooted in constitutional case or controversy terms" because of "inability to given an effective remedy" and "imprudence of deciding on the merits a difficult and sensitive constitutional issue"); *Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826, 829 (S.D. Tex. 2022) ("Because [the challenged] order has been enjoined nationwide, this court declines to grant any further preliminary relief.").

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **DENIED** as **MOOT**. Nothing in this Order should be construed to preclude Plaintiffs from reurging their Motion should the outstanding universal injunction be reversed, or otherwise lifted or curtailed, on appeal.

**SO ORDERED**.

December 30, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE